**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **GERTRUDE KETRE,** | ) |
| | ) |
|    **Plaintiff**, | ) |
| | ) |
| | ) |
| v. | )    **CASE NO. 3:07CV536-MEF** |
| | ) |
| | ) |
| **AUBURN AQUATICS, INC., ET AL** | ) |
| | ) |
|    **Defendants**. | ) |

**ANSWER AND DEFENSES OF DEFENDANT AUBURN AQUATICS**

COMES NOW Defendant Auburn Aquatics, Inc., ("Auburn Aquatics") and answers the Complaint as follows:

**ANSWER**

Auburn Aquatics answers the numbered paragraphs in the Plaintiff's Complaint as follows:

**Statement of the Parties**

1.      Auburn Aquatics lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Admitted.

3.      Paragraph 3 does not appear to require a response from Auburn Aquatics. To the extent a response is required, Auburn Aquatics denies the material allegations contained in Paragraph 3.

4. Paragraph 4 does not appear to require a response from Auburn Aquatics. To the extent a response is required, Auburn Aquatics denies the material allegations contained in Paragraph 4.

5. Paragraph 5 does not appear to require a response from Auburn Aquatics. To the extent a response is required, Auburn Aquatics denies the material allegations contained in Paragraph 5.

6. Auburn Aquatics admits that this Court has jurisdiction as to Plaintiff and Auburn Aquatics. To the extent any of the fictitious defendants are Georgia residents, then jurisdiction would be improper.

## Statement of Facts

7. Auburn Aquatics reasserts and incorporates by reference its responses to Paragraphs 1 through 6 as if fully set forth herein.

8. Auburn Aquatics admits that the Plaintiff attended a swim meet at the James E. Martin Aquatics Center at Auburn University on February 3, 2006. Auburn Aquatics lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint. Furthermore, Auburn Aquatics does not know the meaning of the term "non-collegiate swim meet" and therefore cannot admit or deny what type of swim meet the Plaintiff is referring to.

9. Auburn Aquatics lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Auburn Aquatics lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Auburn Aquatics denies the allegation contained in Paragraph 11 of the Complaint as to itself and lacks sufficient knowledge or information to form a belief as to the truth of the allegation as to any other defendant.

12. Auburn Aquatics lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

## Count I - Negligence

13. Auburn Aquatics reasserts and incorporates by reference its responses to Paragraphs 1 through 12 as if fully set forth herein.

14. Denied.

15. Denied.

Auburn Aquatics denies that the Plaintiff is entitled to the relief requested in Count I of the Complaint.

## Count II - Wantonness

16. Auburn Aquatics reasserts and incorporates by reference its responses to Paragraphs 1 through 15 as if fully set forth herein.

17. Denied.

18. Denied.

19. Denied.

Auburn Aquatics denies that the Plaintiff is entitled to the relief requested in Count II of the Complaint.

## Count III - Fictitious Parties

20. Auburn Aquatics reasserts and incorporates by reference its responses to Paragraphs 1 through 19 as if fully set forth herein.

21. Paragraph 21 does not appear to require a response from Auburn Aquatics. To the extent a response is required, Auburn Aquatics denies the material allegations contained in Paragraph 21.

Auburn Aquatics denies that the Plaintiff is entitled to the relief requested in Count III of the Complaint. Auburn Aquatics further denies that the Plaintiff is entitled to any of the relief requested in her prayer for relief.

## DEFENSES

Auburn Aquatics also asserts the following separate and additional defenses to the Complaint, without in any way agreeing or conceding that Auburn Aquatics has the burden of proof or burden of persuasion with respect thereto:

### FIRST DEFENSE

Auburn Aquatics hereby denies any paragraph, portion of any paragraph, or other material allegation of the Complaint not previously admitted herein and demands strict proof thereof.

### SECOND DEFENSE

Auburn Aquatics had no duty to place, cut, locate or secure the deck mat described in the Complaint.

### THIRD DEFENSE

Auburn Aquatics owes no legal duty to the plaintiff.

### FOURTH DEFENSE

Any harm allegedly suffered by the Plaintiff was caused by third parties for whom Auburn Aquatics owes no legal responsibility.

**FIFTH DEFENSE**

The Plaintiff's Complaint fails to state a claim against Auburn Aquatics upon which relief can be granted.

**SIXTH DEFENSE**

Auburn Aquatics alleges that there is no causal relationship between its conduct and the Plaintiff's alleged injuries that are the basis of this lawsuit.

**SEVENTH DEFENSE**

Auburn Aquatics denies that the Plaintiff has been injured, damaged or harmed as a result of any act or omission on the part of Auburn Aquatics or its agents, employees or servants.

**EIGHTH DEFENSE**

The Plaintiff is barred from recovery, in whole or in part, by her own contributory negligence.

**NINTH DEFENSE**

The Plaintiff has waived, released, or is otherwise estopped from asserting the claims alleged in the Complaint.

**TENTH DEFENSE**

Auburn Aquatics has acted, at all times, in good faith, with due care and without malice or intent to injure the Plaintiff.

**ELEVENTH DEFENSE**

The Plaintiff's claims are barred by the applicable statute of limitations.

**TWELFETH DEFENSE**

Auburn Aquatics denies that it breached any duty or obligation allegedly owed to the Plaintiff.

**THIRTEENTH DEFENSE**

Auburn Aquatics denies that it acted recklessly or wantonly.

**FOURTEENTH DEFENSE**

Any claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

    a.    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.    the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    c.    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

      d.    the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

      e.    the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

      f.    the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

      g.    the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

      h.    an award of punitive damages to plaintiff in this action would constitute a deprivation of property without due process of law; and

      i.    the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## FIFTEENTH DEFENSE

With respect to any demand for punitive or exemplary damages, Auburn Aquatics specifically incorporates by reference all standards regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards

of limitation that arose in BMW of North America v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003).

### SIXTEENTH DEFENSE

Punitive damages awards in Alabama are unconstitutional because they are penal in nature, yet defendants in civil actions are not awarded the same procedural safeguards accorded to criminal and other defendants under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  Therefore, the Plaintiff cannot recover punitive damages.

### SEVENTEENTH DEFENSE

Any claim for punitive damages is barred by § 6-11-20 and § 6-11-27 of the Alabama Code.

### EIGHTEENTH DEFENSE

Auburn Aquatics affirmatively pleads and avers the protections afforded it by § 6-11-21 of the Alabama Code.


The parties have not yet conducted discovery in this case.  Accordingly, Auburn Aquatics reserves the right to amend its answer and to add or supplement its affirmative defenses as may be appropriate.

9

**WHEREFORE**, Auburn Aquatics respectfully requests that this Court enter judgment in favor of Auburn Aquatics and against the Plaintiff and grant such further relief as this Court deems just, proper, and necessary.

/s/ Clark R. Hammond
Clark R. Hammond (ASB-1550-D44C)
W. Lee Elebash (ASB-8933-L49E)

Attorneys for Defendant Auburn Aquatics


**JOHNSTON BARTON PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama  35209
Telephone:  (205) 458-9400
Facsimile:   (205) 458-9500

**OF COUNSEL**

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served the foregoing by electronic filing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record, on this the <u>28th</u> day of August, 2007:

>Robert J. Solomon
>Kenney, Solomon & Medina, P.C.
>Duluth, Georgia 30096
>(770) 564-1600

                                          <u>/s/ W. Lee Elebash</u>
                                          Of Counsel

W0614316.DOC