IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **GERTRUDE KETRE,** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 3:07CV536-MEF |
| | ) | |
| | ) | |
| **AUBURN AQUATICS, INC., ET AL** | ) | |
| | ) | |
| **Defendants**. | ) | |

## REPORT OF PARTIES' PLANNING MEETING

Gertrude Ketre ("Plaintiff") and Auburn Aquatics Swim Program (incorrectly identified in the Complaint as Auburn Aquatics, Inc.) ("Defendant") submit the following written report of the parties' planning meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure:

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on September 14, 2007, by telephone conference with the following participants: Robert J. Solomon and Thomas S. Kenney for the Plaintiff and Clark R. Hammond and W. Lee Elebash for the Defendant.

2. Pre-Discovery Disclosures. The parties will exchange by October 30, 2007, the information required by Fed. R. Civ. P. 26(a)(1).

3. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

   a. Discovery will be needed on the following subjects: whether or not the Defendant owed a duty to the Plaintiff and the extent of such duty; the

- 2 -

Defendant's legal standing and status; whether or not third parties, including but not limited to USA Swimming, Inc. and any of its subsidiaries and employees of Auburn University, owed any duty to the Plaintiff; whether or not the James E. Martin Aquatics Center was properly maintained; the chronology of events on the day of the alleged accident; whether or not the Defendant had actual or constructive notice of any danger; the cause of the Plaintiff's injuries; the extent of the Plaintiff's injuries; and the defenses contained in the Defendant's answer.

      b.    All discovery will be commenced in time to be completed by July 18, 2008.

      c.    Maximum of 50 interrogatories by each party to any other party. Responses due 30 days after service.

      d.    Maximum of 50 requests for admission by each to any other party. Responses due 30 days after service.

      e.    Maximum of 50 requests for production by each party to any other party. Responses due 30 days after service.

      f.    Maximum of 10 non-expert fact depositions by Plaintiff and 10 non-expert fact depositions by Defendant, limited to maximum of 8 hours examination time per party unless extended by agreement of parties.

      g.    Supplementations under Rule 26(e) due within 30 days of knowledge of the need to supplement but not later than 45 days before the completion of discovery.

- 3 -

      h.    Unless modified by stipulation of the parties, the disclosure of expert witnesses, including a complete report under Fed. R. Civ. P. 26(a)(2)(B), from any specifically retained or employed expert are due:

From the Plaintiff: February 22, 2008, and Plaintiff shall make available her experts for deposition by March 21, 2008, or such time as mutually agreed to by the parties.

From the Defendant: April 18, 2008, and Defendant shall make its experts available for deposition by May 9, 2008, or such time as mutually agreed to by the parties.

      i.    The number of experts and depositions of experts will be limited to 7 by each party, limited to a maximum of 8 hours examination time per party unless extended by agreement of parties.

4.    Other Items:

      a.    The parties do not request a conference with the Court before entry of the scheduling order.

      b.    The parties request a pretrial conference on or after September 1, 2008.

      c.    Plaintiff should be allowed until 90 days from the entry of the scheduling order to join additional parties and until that same date to amend the pleadings. Defendant shall be allowed until 120 days from the entry of the scheduling order and until that same date to amend the pleadings.

      d.    All potentially dispositive motions shall be filed no later than June 3, 2008.

  e. Settlement cannot be evaluated prior to the parties conducting discovery and may be enhanced by the use of mediation at a later date.

  f. Final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) should be due on August 18, 2008.  Parties shall have until August 25, 2008, to list objections under Rule 26(a)(3).

  g. The case should be ready for trial by September 29, 2008.

    Respectfully submitted


    /s/ Robert J. Solomon
    Robert J. Solomon (ASB-SOL0004)
    Kenney, Solomon & Medina, P.C.
    3675 Crestwood Parkway, Suite 500
    Duluth, Georgia  30096
    Telephone: 770-564-1600
    Attorneys for Gertrude Ketre


    /s/ Clark R. Hammond
    Clark R. Hammond (ASB-1550-D44C)
    W. Lee Elebash (ASB-8933-L49E)
    Johnston Barton Proctor & Rose LLP
    569 Brookwood Village, Suite 901
    Birmingham, Alabama  35209
    Telephone: 205-458-9400
    Attorneys for Auburn Aquatics Swim Program

K:\PERSINJ\KetreGertrude\ReportPartiesPlanningMeeting.DOC