**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **GERTRUDE KETRE,** ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| ) | |
| v. ) | **CASE NO. 3:07CV536-MEF** |
| ) | |
| ) | |
| **AUBURN AQUATICS, INC., ET AL** ) | |
| ) | |
| **Defendants**. ) | |

**AMENDED REPORT OF PARTIES' PLANNING MEETING**

Gertrude Ketre ("Plaintiff") and Auburn Aquatics Swim Program (incorrectly identified in the Complaint as Auburn Aquatics, Inc.) ("Defendant") submit the following written report of the parties' planning meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure:

    1.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on September 14, 2007, by telephone conference with the following participants: Robert J. Solomon and Thomas S. Kenney for the Plaintiff and Clark R. Hammond and W. Lee Elebash for the Defendant.

    2.    Pre-Discovery Disclosures. The parties will exchange by October 15, 2007, the information required by Fed. R. Civ. P. 26(a)(1).

    3.    Discovery Plan. The parties jointly propose to the Court the following discovery plan:

        a.    Discovery will be needed on the following subjects: whether or not the Defendant owed a duty to the Plaintiff and the extent of such duty; the

- 2 -

Defendant's legal standing and status; whether or not third parties, including but not limited to USA Swimming, Inc. and any of its subsidiaries and employees of Auburn University, owed any duty to the Plaintiff; whether or not the James E. Martin Aquatics Center was properly maintained; the chronology of events on the day of the alleged accident; whether or not the Defendant had actual or constructive notice of any danger; the cause of the Plaintiff's injuries; the extent of the Plaintiff's injuries; and the defenses contained in the Defendant's answer.

      b.      All discovery will be commenced in time to be completed by May 30, 2008.

      c.      Maximum of 50 interrogatories by each party to any other party. Responses due 30 days after service.

      d.      Maximum of 50 requests for admission by each to any other party. Responses due 30 days after service.

      e.      Maximum of 50 requests for production by each party to any other party. Responses due 30 days after service.

      f.      Maximum of 10 non-expert fact depositions by Plaintiff and 10 non-expert fact depositions by Defendant, limited to maximum of 8 hours examination time per party unless extended by agreement of parties.

      g.      Supplementations under Rule 26(e) due within 30 days of knowledge of the need to supplement but not later than 45 days before the completion of discovery.

- 3 -

      h.    Unless modified by stipulation of the parties, the disclosure of expert witnesses, including a complete report under Fed. R. Civ. P. 26(a)(2)(B), from any specifically retained or employed expert are due:

      From the Plaintiff: January 4, 2008, and Plaintiff shall make available her experts for deposition by February 1, 2008, or such time as mutually agreed to by the parties.

      From the Defendant: February 29, 2008, and Defendant shall make its experts available for deposition by March 21, 2008, or such time as mutually agreed to by the parties.

      i.    The number of experts and depositions of experts will be limited to 7 by each party, limited to a maximum of 8 hours examination time per party unless extended by agreement of parties.

4.    Other Items:

      a.    The parties do not request a conference with the Court before entry of the scheduling order.

      b.    The parties request a pretrial conference on or after July 14, 2008.

      c.    Plaintiff should be allowed until December 10, 2007 to join additional parties and until that same date to amend the pleadings. Defendant shall be allowed until January 10, 2008 to amend the pleadings.

      d.    All potentially dispositive motions shall be filed no later than April 15, 2008.

      e.    Settlement cannot be evaluated prior to the parties conducting discovery and may be enhanced by the use of mediation at a later date.

  f. Final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) should be due on June 30, 2008.  Parties shall have until July 7, 2008, to list objections under Rule 26(a)(3).

  g. The case should be ready for trial by August 11, 2008.

  Respectfully submitted

  /s/ Robert J. Solomon
  Robert J. Solomon (ASB-9516-M51R)
  Kenney, Solomon & Medina, P.C.
  3675 Crestwood Parkway, Suite 500
  Duluth, Georgia  30096
  Telephone: 770-564-1600
  Attorneys for Gertrude Ketre

  /s/ Clark R. Hammond
  Clark R. Hammond (ASB-1550-D44C)
  W. Lee Elebash (ASB-8933-L49E)
  Johnston Barton Proctor & Rose LLP
  569 Brookwood Village, Suite 901
  Birmingham, Alabama  35209
  Telephone: 205-458-9400
  Attorneys for Auburn Aquatics Swim Program

Auburn Aquatics-Ketre-Revised Rule 26 Report.DOC