**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

**EASTERN DIVISION**

| | |
|---|---|
| **GERTRUDE KETRE,** )<br>    **Plaintiff**, )<br>)<br>)<br>**v.** )<br>)<br>)<br>**AUBURN AQUATICS, INC., ET AL** )<br>    **Defendants**. ) | **CASE NO. 3:07CV536-MEF** |

## JOINT MOTION FOR PROTECTIVE ORDER

Plaintiff Gertrude Ketre and Defendant Auburn Aquatics Swim Program, jointly move this Court to enter a Protective Order, a proposed version of which is attached hereto as Exhibit 1 for the Court's consideration, for the following reasons:

1. The Plaintiff intends to conduct discovery that may require the production of confidential, proprietary business information by the Defendant. The parties would like to ensure such information is protected from public disclosure and returned or destroyed at the conclusion of this litigation.

2. The Defendant intends to conduct discovery that may require the production of confidential personal identifying information by the Plaintiff. The parties would like to ensure such information is protected from public disclosure and returned or destroyed at the conclusion of this litigation.

3. Counsel for the Plaintiff and the Defendant have reviewed the attached Protective Order and mutually agree on the language contained therein.

**WHEREFORE,** the parties respectfully request that said Protective Order be entered, provided that the terms of the order are acceptable to the Court.

Dated this the <u>6th</u> day of November, 2007.

<u>/s/ Robert J. Solomon</u>
Robert J. Solomon (ASB-9516-M51R)
Attorney for Plaintiff Gertrude Ketre
**Kenney, Solomon & Medina, P.C.**
3675 Crestwood Parkway, Suite 500
Duluth, Georgia 30096
Telephone: (770) 564-1600

<u>W. Lee Elebash</u>
Clark R. Hammond (ASB-1550-D44C)
W. Lee Elebash (ASB-8933-L49E)
Attorneys for Defendant Auburn Aquatics Swim Program
**Johnston Barton Proctor & Rose LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone: (205) 458-9400

**W0621092.DOC**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **GERTRUDE KETRE,** | ) |
| | ) |
|     **Plaintiff**, | ) |
| | ) |
| | ) |
| v. | )     **CASE NO. 3:07CV536-MEF** |
| | ) |
| | ) |
| **AUBURN AQUATICS, INC., ET AL** | ) |
| | ) |
|     **Defendants**. | ) |

## PROTECTIVE ORDER

This cause has come before the Court on a Joint Motion for Protective Order, which motion was filed by Plaintiff, Gertrude Ketre ("Plaintiff"), and Defendant, Auburn Aquatics Swim Program ("Defendant"). After consideration of the Joint Motion for Protective Order, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Certain documents and information have been and may be sought, produced or exhibited by the parties to the above-styled proceeding which relate to the parties' confidential, proprietary, and personal information.

2. It has been agreed by the parties to this action, through their respective counsel, that a protective order preserving the confidentiality of certain documents and information should be entered by this Court.

3. Plaintiff and Defendant, respectively, may designate as confidential material all or any part of documents produced in response to requests for production of documents served by another party. The designation of material as confidential shall be made by Plaintiff or Defendant only after a bona fide determination that the material is in fact confidential,

proprietary, a trade secret, contains personal identifying information, or otherwise protected from public disclosure. While Plaintiff's or Defendant's designation of material as confidential does not automatically constitute an agreement by Plaintiff or Defendant as to the confidentiality of such material, Plaintiff and Defendant agree to treat such material as confidential and subject to this Protective Order, unless or until a determination of the confidentiality of such material is made by the Court.

    4.  In the event that any receiving party disagrees with the designation for certain documents or information, the receiving party shall object to the designation. Any party who wishes to object to the designation shall serve written objections (including a statement of the legal or factual basis for the objection) on all other counsel of record and request a conference to resolve the matter. The parties shall make a good faith effort to resolve the dispute. If the dispute cannot be resolved, the party asserting the designation of confidentiality after receiving the written objections shall move for a protective order under Rule 26(c)(7). Pending a ruling by the Court on the motion, the terms of this Protective Order shall remain in effect for the documents or information that are the subject of said motion.

    5.  Nothing in this Order shall prevent any party or other person from waiving the protection of this Order or from seeking modification of this Order for additional or lesser protection for particular documents.

    6.  The designation of confidential material shall be made by placing or affixing on the material in a manner which will not interfere with its legibility the words "CONFIDENTIAL," "Confidential -- Subject to Protective Order," or words to that effect. The designation shall be made prior to, or contemporaneously with, production or disclosure of that material.

7. Material or information designated as confidential by Defendant pursuant to this Protective Order may be disclosed to the Plaintiff or counsel for Plaintiff only in Gertrude Ketre v. Auburn Aquatics Swim Program, Case No. 3:07CV536-MEF in the United States District Court for the Middle District of Alabama and shall be used only for purposes of this litigation and in accordance with this Order. In addition to the party and the party's counsel, confidential material or information may also be disclosed to attorneys, paralegals, and employees of such counsel, as well as independent contractors working on the Proceedings and to whom it is necessary that the materials be disclosed for preparation and trial of this action and any appeal herein; provided, however, that material or information designated as confidential under this Protective Order shall not be disclosed for business or competitive purposes. Any attorney, paralegal, or employee to whom disclosure is made shall be advised of and shall become subject to the provisions of this Protective Order requiring that the material and information be held in confidence.

8. Material or information designated as confidential under this Protective Order shall not be used or disclosed by any party, her or its counsel, or any person acting on their behalf to any other person except the following circumstances:

(a) Disclosure may be made to employees of counsel for the party receiving confidential material or information who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein. Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Protective Order requiring that the material and information be held in confidence.

(b) Disclosure may be made to consultants or experts (hereinafter, "expert") employed by a non-producing party or its counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any expert, the expert must agree to be bound by the terms of this Protective Order by executing the Confidentiality Agreement attached hereto as Exhibit "A." A copy of each executed Confidentiality Agreement shall be furnished to counsel for the appropriate party prior to disclosure of confidential material to the expert. In no event shall any disclosure be made to employees, officers or directors of any competitors of Defendant, irrespective of whether they are retained as an expert for Plaintiff.

(c) Disclosure may be made to the court and court personnel (including the court having jurisdiction over any appeal).

(d) Disclosure may be made to court reporters used in connection with the litigation.

(e) Disclosure may be made to any person who (i) wrote or received a copy of the document designated confidential before it was furnished in this litigation, or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this litigation.

(f) Disclosure may be made to any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter.

(g) Disclosure may be made to employees of outside copying, document imaging and facsimile services.

(h) Disclosure may be made to witnesses or deponents in the course of this litigation, only as necessary for the litigation and only after the person to whom such disclosure is made has been informed of this Protective Order and has agreed in writing to be bound by it, by signing the form of acknowledgement attached to this Protective Order as Exhibit "A." The executed acknowledgement shall be retained by counsel for the party making the disclosure, with a copy provided to counsel for the party that produced the subject material or information on request.

9. "Copies" include any and all copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Confidential under this Protective Order or any portion of such a document. All copies shall be immediately affixed with the designation CONFIDENTIAL if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Protective Order.

10. Any person having access to material or information designated confidential under this Protective Order shall not make copies, extracts, summaries, or descriptions of the material or information or any portion thereof except for purposes of the preparation and trial of the Proceedings. Specifically, consultants or experts shall not make copies of the confidential material or information furnished to them by Plaintiff or Defendants' counsel for any purpose other than use in these Proceedings.

11. The Plaintiff and Defendants shall have fifteen (15) days from receipt of a deposition transcript in which to designate portions of such transcripts that contain confidential information pursuant to this Protective Order. From the date of the deposition until fifteen (15) days after parties' receipt of the transcripts, the entire deposition will be treated as confidential.

12. If the Plaintiff or her counsel receives a written or oral request, subpoena, or court order seeking disclosure of any designated confidential document in his, her, or their possession, immediately upon receipt of such request, the Plaintiff and/or her counsel shall notify counsel for opposing party and shall provide a copy of the request to such counsel.

13. All portions of transcripts or depositions, exhibits, answers to interrogatories, briefs and other documents or materials filed with the Court for discovery purposes and for other purposes, including dispositive motions, prior to pretrial proceedings and trial which contain, comprise, reflect, or attach CONFIDENTIAL information shall be filed in sealed envelopes or appropriate sealed containers that shall be endorsed with the title of this action and an indication of the contents of said envelopes, the words "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" and a statement substantially in the following form: "This envelope contains documents that are filed in this case by [name of party] under seal pursuant to Protective Order. The envelope is not to be opened and the contents thereof are not to be displayed or revealed except by Order of the Court." Within seven (7) days of the filing of any court documents under seal, in the event that any party disagrees with such documents being under seal, that party shall object to the documents being filed under seal or else waive any objection. The objecting party shall within that seven (7)-day period serve written objections on all other counsel of record, and the parties shall make a good faith effort to resolve the dispute. If the dispute cannot be resolved, the objecting party shall file a motion to remove the documents from under seal, and the party that designated the documents confidential and subject to seal shall file a written response. Pending a ruling by the Court on any such motion, the documents covered by the motion shall remain under seal.

14. Nothing herein shall prohibit any party from citing to (without disclosing the substance of) confidential information to the extent necessary in memoranda of facts or law filed in the public court files or submitted to the Court. Any document containing such citations to confidential information need not be filed under seal as provided in Paragraph 14 above.

15. Nothing herein shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

16. In the event of an inadvertent failure to designate information as Confidential at the time of production, the producing party shall, within fourteen (14) days of discovering the inadvertent failure, serve notice of the inadvertent failure and request in writing a conference to resolve the conflict. The party asserting the inadvertent failure is responsible for making a good faith effort to arrange that conference. If the parties cannot resolve the matter by agreement, then the party asserting the inadvertent failure of the designation of confidentiality shall move within twenty-eight (28) days of discovering the inadvertent failure for a protective order under Rule 26(c). The failure to move for a protective order within that twenty-eight (28) day period waives the designation.

17. If any party withholds information by claiming that it is privileged, the party shall prepare a log of the documents designated as privileged which identifies the documents being withheld in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

18. Upon final termination of this action, whether by judgment, settlement or otherwise, counsel shall return to appropriate counsel all materials and all copies thereof in his, her, or their possession or subject to their control (including but not limited to materials

furnished to consultants and/or experts) that were designated as confidential material in accordance with this Protective Order.

19.  It is expressly understood by and between the parties that in producing documents in this litigation marked "Confidential," the producing party shall be relying upon the terms and conditions of this Order.

20.  All obligations and duties arising under this Protective Order shall survive the termination of this action.

SO ORDERED this the ____ day of _____, 2007.

_____
United States District Court Judge

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the Protective Order in the action presently pending in the United States District Court for the Middle District of Alabama, Eastern Division, entitled *Gertrude Ketre v. Auburn Aquatics, Inc., et al.,* Civil Action No. 3:07-CV-536-MEF, and understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms.


Date: _____, 2007.          _____


## EXHIBIT A


W0621098.DOC