IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

GERTRUDE KETRE,

Plaintiff,

v.

AUBURN AQUATICS, INC.; The following Fictitious Parties whose identities are unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their Identities as proper party-Defendants are not known at this time, but their names will be substituted by amendment when ascertained: "1" through "6", whether singular or plural, that person, persons or entity that on or about February 3, 2006 directed, placed, cut, maintained, located or secured or failed to secure a deck mat on the top of a stair landing inside the James E. Martin Aquatics Center located on the Campus of Auburn University Natatorium; "7" through "10", whether singular or plural, that entity or those entities other than those described above, which is the successor in interest to any of the entities described above,

Defendants.

Civil Action File No.3:07CV536-MEF
**JURY TRIAL DEMANDED**

**AMENDED COMPLAINT**

COMES NOW, the Plaintiff, GERTRUDE KETRE, (hereinafter referred to as "Plaintiff"), by and through her attorneys of record, and hereby amends her Complaint heretofore filed as follows:

By adding the following counts:

COUNT IV

1. Plaintiff hereby reavers and realleges all of the allegations and averments contained in her original complaint (a copy of which is attached hereto and incorporated herein by reference) the same as if fully set out herein in both letter and number.

2. On or about On February 3, 2006, the Plaintiff, along with her family, attended a non-collegiate swim meet held at the James E. Martin Aquatics Center located on the campus of Auburn University (hereinafter "Aquatics Center"). The Plaintiff's grandchildren were swimming in the swim meet.

3. The Plaintiff entered the Aquatics Center on the ground floor and proceeded to stairs located by the warm up pool. The stairs proceed a short way up to a landing area, and than proceed up to the second level of the Aquatics Center where spectator seating is located.

4. The Plaintiff negotiated the initial stairs when she attempted to step onto the landing.

5. The Defendants had placed and/or failed to properly secure a dry deck mat on the landing in such a manner that it extended over the landing.

6. As the Plaintiff attempted to step onto the landing, her foot was caught underneath the portion of the dry deck mat which extended over the landing. There is no handrail on the landing. As a result of Plaintiff's foot being caught in the dry deck mat, the Plaintiff fell on the landing and suffered a fractured hip which required surgical repair. The Plaintiff continues to suffer severe and permanent injuries.

7. At the aforesaid time and place, Defendant HOMER KELLY was engaged in the regular course and scope of his employment for Auburn University and served as a custodian in charge of cleaning the seating area and pool deck area wherein the Plaintiff's injuries were sustained.

8. At the aforesaid time and place, Defendant HOMER KELLY, and one or more of the fictitious party defendants listed and described in the caption hereinabove, had a ministerial duty to maintain the pool facility, specifically including the floor, and comply with safety guidelines. Said Defendant negligently, willfully and/or wantonly violated these ministerial duties in his failure to use reasonable care in controlling and supervising the conditions, methods and manner in which policies and procedures were performed at the time and place as aforesaid, and said negligent, willful and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages as herein described.

9. Defendant HOMER KELLY knew or should have known that a spectator or participant at the swim meet could trip and fall on the dry deck mats which were not properly cut, located, placed or secured and Defendant HOMER KELLY had a ministerial duty to ensure that the dry deck mats in the seating area and pool deck area were properly cut, located, placed or secured.

10. As a proximate consequence of the aforesaid negligent, willful and/or wanton conduct of the Defendant HOMER KELLY, and one or more of the fictitious party defendants listed and described in the caption hereinabove, Plaintiff was injured and damaged as follows:

(a) Plaintiff was caused to trip and fall and suffer severe injuries to her person which were attended by great physical pain and mental anguish;

(b) Plaintiff was caused to incur expenses in the nature of hospital, doctor and other medical related expenses in and about an effort to heal and cure her said injuries, and will be caused to incur such expenses in the future;

(c) Plaintiff was caused to be permanently injured;

(d) Plaintiff was caused to be permanently unable to pursue many of her normal and usual activities.

WHEREFORE, the Plaintiff prays as follows:

(a) That Summons and Complaint be filed and issued, and that process issue according to law;

(b) That the Plaintiff, GERTRUDE KETRE, have judgment against the Defendants, named and Fictitious, for any and all damages allowed by law;

(c) That the Plaintiff have judgment against the Defendants for compensatory damages to compensate the Plaintiff for all damages sustained, including future damages;

(d) That the Plaintiff have judgment against the Defendants for special damages including, but not limited to medical expenses, prescription costs and out of pocket expenses, to compensate the Plaintiff for all damages sustained, including future damages;

(e) That the Plaintiff have a jury trial on all issues set forth herein;

That all costs of this action be cast against the Defendants;

(f) For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 28th day of December, 2007.

/s/robert j. solomon
ROBERT J. SOLOMON (ASB-9516-M51R)
Attorneys for Plaintiff

**Of Counsel:**

KENNEY, SOLOMON & MEDINA, P.C.
3675 Crestwood Parkway, Suite 500
Duluth, Georgia 30096
(770) 564-1600

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES AND CAUSES.**

**DEFENDANT HOMER KELLY MAY BE SERVED AT:**
**815 Crawford Road, No. 208**
**Opelika, Alabama 36804**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

GERTRUDE KETRE,

Plaintiff,

v.

AUBURN AQUATICS, INC.; The following Fictitious Parties whose identities are unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their Identities as proper party-Defendants are not known at this time, but their names will be substituted by amendment when ascertained: "1" through "6", whether singular or plural, that person, persons or entity that on or about February 3, 2006 directed, placed, cut, maintained, located or secured or failed to secure a deck mat on the top of a stair landing inside the James E. Martin Aquatics Center located on the Campus of Auburn University Natatorium; "7" through "10", whether singular or plural, that entity or those entities other than those described above, which is the successor in interest to any of the entities described above,

Defendants.

Civil Action File No. 3:07CV536-M

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, GERTRUDE KETRE, (hereinafter referred to as "Plaintiff") and hereby files this Complaint for Damages, against the Defendant AUBURN AQUATICS, INC. and Fictitious Defendants "1" through "10" (hereinafter collectively referred to as "Defendants"), and shows this Court as follows:



## STATEMENT OF THE PARTIES

1. The Plaintiff is over the age of nineteen (19) years of age and is a resident citizen of Duluth, Georgia.

2. The Defendant AUBURN AQUATICS, INC. (hereinafter referred to as "AUBURN") is a domestic corporation which maintains it registered agent for service of process in Lee County, Alabama.

3. Fictitious Defendants 1, 2, 3, 4, 5 and 6 are those persons, corporations or other legal entities who directed, maintained, cut, placed, located or failed to secure a deck mat in the James E. Martin Aquatics Center located on the campus of Auburn University on February 3, 2006 in such a way as to cause the Plaintiff to trip and fall, causing Plaintiff severe and permanent personal injuries.

4. Fictitious Defendants 7, 8, 9 and 10 are those persons, corporations or other legal entities whose negligence, willfulness, wantonness or other wrongful conduct caused injury to the Plaintiff.

5. Throughout this Complaint, the term "Defendants" shall include AUBURN AQUATICS and Fictitious Defendants 1 through 10 unless otherwise stated.

6. Jurisdiction in this case is proper pursuant to complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332(a).

## STATEMENT OF FACTS

7. Plaintiff realleges paragraphs 1 through 6.

8. On February 3, 2006, the Plaintiff, along with her family, attended a non-collegiate swim meet held at the James E. Martin Aquatics Center located on the campus of Auburn University (hereinafter "Aquatics Center"). The Plaintiff's grandchildren were swimming in the swim meet.

9. The Plaintiff entered the Aquatics Center on the ground floor and was directed to proceed to stairs located by the warm up pool. The stairs proceed a short way up to a landing area, and than proceed up to the second level of the Aquatics Center where spectator seating is located.

10. The Plaintiff negotiated the stairs when she attempted to step onto the landing.

11. The Defendants had placed and/or failed to properly secure a dry deck mat on the landing in such a manner that it extended over the landing.

12. As the Plaintiff attempted to step onto the landing, her foot was caught underneath the portion of the dry deck mat which extended over the landing. There is no handrail on the landing portion of the stairs. As a result of Plaintiff's foot being caught in the dry deck mat, the Plaintiff fell on the stairs and suffered a fractured hip which required surgical repair. The Plaintiff continues to suffer severe and permanent injuries.

**COUNT I**

**(NEGLIGENCE)**

13. The Plaintiff realleges paragraphs 1 through 12.

14. At the aforementioned time and place, Defendants, named and Fictitious, negligently, recklessly, wantonly and/or willfully placed, cut, located or failed to properly secure a deck mat on the route located to the spectator seating in the Aquatics Center.

15. As a proximate cause of the negligence, reckless, wanton and willful actions and/or omissions of said Defendants, named and Fictitious, Plaintiff suffered severe and permanent injuries as set forth herein, including, but not limited to, a broken hip.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages as a jury may award, plus the cost of this action.

**COUNT II**

**(WANTONESS)**

16. The Plaintiff realleges paragraphs 1 through 15.

17. Defendants, named and Fictitious, wantonly directed, maintained, placed, cut, located or failed to secure a deck mat on the route located to spectator seating in the Aquatics Center.

18. Defendants, named and Fictitious, knew or should have known that failing to properly maintain, place, cut, locate or secure the deck mat could result in severe injury to spectators in the Aquatics Center.

19. As a proximate cause of the reckless, wanton and willful actions and/or omissions of said Defendants, named and Fictitious, Plaintiff suffered severe and permanent injuries as set forth herein.

WHEREFORE, Plaintiff demands judgment against said Defendants in such an amount of compensatory damages as a jury may award, plus the cost of this action.

**COUNT III**
**(FICTITIOUS PARTIES)**

20. The Plaintiff realleges paragraphs 1 through 19.

21. The Fictitious Defendants named and described, whether singular or plural, entity or entities, whose negligence, recklessness, wantonness, acts or omissions, proximately caused or contributed to cause the damages suffered by Plaintiff on the date and occasion made the basis of this lawsuit.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages and future medical expenses, as a jury may award, plus costs of this action.

WHEREFORE, the Plaintiff prays as follows:

(a) That Summons and Complaint be filed and issued, and that process issue according to law;

(b) That the Plaintiff, GERTRUDE KETRE, have judgment against the Defendants, named and Fictitious, for any and all damages allowed by law;

(c) That the Plaintiff have judgment against the Defendants for compensatory damages to compensate the Plaintiff for all damages sustained, including future damages;

(d) That the Plaintiff have judgment against the Defendants for special damages including, but not limited to medical expenses, prescription costs and out of pocket expenses, to compensate the Plaintiff for all damages sustained, including future damages;

(e) That the Plaintiff have a jury trial on all issues set forth herein;

(f) That all costs of this action be cast against the Defendants;

(g) For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 15th day of June, 2007.

ROBERT J. SOLOMON (SOL004)
Attorney for Plaintiff

**Of Counsel:**

KENNEY, SOLOMON & MEDINA, P.C.
3675 Crestwood Parkway, Suite 500
Duluth, Georgia 30096
(770) 564-1600

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES AND CAUSES.**

**DEFENDANT MAY BE SERVED AT:**
**Auburn Aquatics, Inc.**
**c/o its registered agent for service**
**William Robert Beauchamps**
**6P Village West**
**Auburn, Alabama 35830**

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties through Counsel with a copy of the within and foregoing Amended Complaint by electronic mail and/or by placing a copy in the United States Mail, First Class, with adequate postage thereon to ensure delivery addressed as follows:

Clark R. Hammond, Esq.
W. Lee Elebash, Esq.
Johnston, Barton, Proctor & Rose, LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209

This 28th day of December, 2007.

/s/robert j. solomon
ROBERT J. SOLOMON (ASB-9516-M51R)
Attorney for Plaintiff

**Of Counsel**

KENNEY, SOLOMON & MEDINA, P.C.
3675 Crestwood Parkway, Suite 500
Duluth, GA 30096
770-564-1600