IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GERTRUDE KETRE, | * |
| Plaintiff, | * |
| v. | * Civil Action<br>* File No.3:07CV536-MEF |
| AUBURN AQUATICS SWIM PROGRAM;<br>HOMER KELLY, | * **JURY TRIAL DEMANDED** |
| Defendants. | * |

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, GERTRUDE KETRE, (hereinafter referred to as "Plaintiff") and hereby files this Amended Complaint for Damages against the Defendants AUBURN AQUATICS SWIM PROGRAM and HOMER KELLY and shows this Court as follows:

## STATEMENT OF THE PARTIES

1. The Plaintiff is over the age of nineteen (19) years of age and is a resident citizen of Duluth, Georgia.

2. The Defendant AUBURN AQUATICS SWIM PROGRAM (hereinafter "Auburn Aquatics") is a domestic corporation which maintains it registered agent for service of process in Lee County, Alabama.

3. Defendant HOMER KELLY (hereinafter referred to as "Mr. Kelly") is a resident of Lee County, Alabama and is subject to the jurisdiction and venue of this Court.

4. Throughout this Complaint, the term "Defendants" shall include Auburn Aquatics and Mr. Kelly unless otherwise stated.

5. Jurisdiction in this case is proper pursuant to complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332(a).

## STATEMENT OF FACTS

6. Plaintiff realleges paragraphs 1 through 5.

7. On February 3, 2006, the Plaintiff, along with her family, attended a non-collegiate swim meet held at the James E. Martin Aquatics Center located on the campus of Auburn University (hereinafter "Aquatics Center"). The Plaintiff's grandchildren were swimming in the swim meet.

8. The Plaintiff entered the Aquatics Center on the ground floor and was directed to proceed to stairs located by the warm up pool. The stairs proceed a short way up to a landing area, and than proceed up to the second level of the Aquatics Center where spectator seating is located.

9. The Plaintiff negotiated the stairs when she attempted to step onto the landing.

10. The Defendants had placed and/or failed to properly secure a dry deck mat on the landing in such a manner that it extended over the landing.

11. As the Plaintiff attempted to step onto the landing, her foot was caught underneath the portion of the dry deck mat which extended over the landing. There is no handrail on the landing portion of the stairs. As a result of Plaintiff's foot being caught in the dry deck mat, the Plaintiff fell on the stairs and suffered a fractured hip which required surgical repair. The Plaintiff continues to suffer severe and permanent injuries.

## COUNT I
## (NEGLIGENCE)

12. The Plaintiff realleges paragraphs 1 through 11.

13. At the aforementioned time and place, the Defendants negligently, recklessly, wantonly and/or willfully placed, cut, located or failed to properly secure a deck mat on the route located to the spectator seating in the Aquatics Center.

14. As a proximate cause of the negligence, reckless, wanton and willful actions and/or omissions of said Defendants, Plaintiff suffered severe and permanent injuries as set forth herein, including, but not limited to, a broken hip.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages as a jury may award, plus the cost of this action.

## COUNT II
## (WANTONESS)

15. The Plaintiff realleges paragraphs 1 through 14.

16. Defendants wantonly directed, maintained, placed, cut, located or failed to secure a deck mat on the route located to spectator seating in the Aquatics Center.

17. Defendants knew or should have known that failing to properly maintain, place, cut, locate or secure the deck mat could result in severe injury to spectators in the Aquatics Center.

18. As a proximate cause of the reckless, wanton and willful actions and/or omissions of said Defendants, the Plaintiff suffered severe and permanent injuries as set forth herein.

WHEREFORE, Plaintiff demands judgment against said Defendants in such an amount of compensatory damages as a jury may award, plus the cost of this action.

## COUNT IIII
## BREACH OF DUTY BY DEFENDANT HOMER KELLY

19. Plaintiff hereby realleges paragraphs 1 through 18.

20. On or about On February 3, 2006, the Plaintiff, along with her family, attended a non-collegiate swim meet held at the James E. Martin Aquatics Center located on the campus of Auburn University (hereinafter "Aquatics Center"). The Plaintiff's grandchildren were swimming in the swim meet.

21. The Plaintiff entered the Aquatics Center on the ground floor and proceeded to stairs located by the warm up pool. The stairs proceed a short way up to a landing area, and than proceed up to the second level of the Aquatics Center where spectator seating is located.

22. The Plaintiff negotiated the initial stairs when she attempted to step onto the landing.

23. The Defendants had placed and/or failed to properly secure a dry deck mat on the landing in such a manner that it extended over the landing.

24. As the Plaintiff attempted to step onto the landing, her foot was caught underneath the portion of the dry deck mat which extended over the landing. There is no handrail on the landing. As a result of Plaintiff's foot being caught in the dry deck mat, the Plaintiff fell on the landing and suffered a fractured hip which required surgical repair. The Plaintiff continues to suffer severe and permanent injuries.

25. At the aforesaid time and place, Defendant Mr. Kelly was engaged in the regular course and scope of his employment for Auburn University and served as a custodian in charge of cleaning the seating area and pool deck area wherein the Plaintiff's injuries were sustained.

26. At the aforesaid time and place, Defendant Mr. Kelly had a duty to maintain the pool facility, specifically including the floor, and comply with safety guidelines. Said Defendant negligently, willfully and/or wantonly violated these duties in his failure to use reasonable care in controlling and supervising the conditions, methods and manner in which policies and procedures were performed at the time and place as aforesaid, and said negligent, willful and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages as herein described.

27. Defendant Mr. Kelly knew or should have known that a spectator or participant at the swim meet could trip and fall on the dry deck mats which were not properly cut, located, placed or secured and Defendant Mr. Kelly had a duty to ensure that the dry deck mats in the seating area and pool deck area were properly cut, located, placed or secured.

28. As a proximate consequence of the aforesaid negligent, willful and/or wanton conduct of the Defendant Mr. Kelly, Plaintiff was injured and damaged as follows:

   (a) Plaintiff was caused to trip and fall and suffer severe injuries to her person which were attended by great physical pain and mental anguish;

   (b) Plaintiff was caused to incur expenses in the nature of hospital, doctor and other medical related expenses in and about an effort to heal and cure her said injuries, and will be caused to incur such expenses in the future;

   (c) Plaintiff was caused to be permanently injured;

   (d) Plaintiff was caused to be permanently unable to pursue many of her normal and usual activities.

WHEREFORE, the Plaintiff prays as follows:

(a) That Summons and Complaint be filed and issued, and that process issue according to law;

(b) That the Plaintiff, GERTRUDE KETRE, have judgment against the Defendants, jointly and severally, for any and all damages allowed by law;

(c) That the Plaintiff have judgment against each of the Defendants, jointly and severally, for compensatory damages to compensate the Plaintiff for all damages sustained, including future damages;

(d) That the Plaintiff have judgment against the Defendants for special damages including, but not limited to medical expenses, prescription costs and out of pocket expenses, to compensate the Plaintiff for all damages sustained, including future damages;

(e) That the Plaintiff have a jury trial on all issues set forth herein;

(f) That all costs of this action be cast against the Defendants;

(g) For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 4th day of January, 2008.

/s/robert j. solomon
ROBERT J. SOLOMON (ASB-9516-M51R)
Attorney for Plaintiff

**Of Counsel:**

KENNEY, SOLOMON & MEDINA, P.C.
3675 Crestwood Parkway, Suite 300
Duluth, Georgia 30096
(770) 564-1600

PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES AND CAUSES.

DEFENDANT HOMER KELLY MAY BE SERVED AT:
815 Crawford Road, No. 208
Opelika, Alabama 36804

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties through Counsel with a copy of the within and foregoing Amended Complaint by electronic mail and/or by placing a copy in the United States Mail, First Class, with adequate postage thereon to ensure delivery addressed as follows:

>Clark R. Hammond, Esq.
>W. Lee Elebash, Esq.
>Johnston, Barton, Proctor & Rose, LLP
>Colonial Brookwood Center
>569 Brookwood Village, Suite 901
>Birmingham, Alabama 35209

This 4th day of January, 2008.

>/s/robert j. solomon
>ROBERT J. SOLOMON (ASB-9516-M51R)
>Attorney for Plaintiff

**Of Counsel**

KENNEY, SOLOMON & MEDINA, P.C.
3675 Crestwood Parkway, Suite 300
Duluth, GA 30096
770-564-1600