IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GERTRUDE KETRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:07-cv-536-MEF |
| AUBURN AQUATICS SWIM PROGRAM; ) | |
| HOMER KELLY, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT HOMER KELLY'S ANSWER TO AMENDED COMPLAINT

Defendant Homer Kelly answers the Plaintiff's "Amended Complaint for Damages" as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim against Homer Kelly upon which relief can be granted.

### SECOND DEFENSE

The claims in the Amended Complaint against Homer Kelly were not brought within the time limits prescribed by applicable law.

### THIRD DEFENSE

Homer Kelly is entitled to, and claims, discretionary function immunity, qualified immunity and immunity of any other type or nature for all claims asserted against him.

### FOURTH DEFENSE

To the extent any allegations of the Complaint as originally filed are directed to Homer Kelly, denied and strict proof thereof is demanded.

## FIFTH DEFENSE

To the numbered paragraphs of the Plaintiff's "Amended Complaint for Damages", Homer Kelly states:

### Statement of the Parties

1. Based upon current information and belief, admitted.

2. Homer Kelly is without sufficient information to admit or deny the allegations of this paragraph and, therefore, must deny the same and demand strict proof thereof.

3. Admitted.

4. No response is required to the allegations of this paragraph.

5. It is admitted that the Plaintiff has properly invoked the jurisdiction of this Court. All other allegations of this paragraph are denied and strict proof thereof is demanded.

### Statement of Facts

6. Homer Kelly realleges his answers to paragraphs 1-5.

7. Based upon current information and belief, admitted.

8. Homer Kelly is without sufficient information to admit or deny the allegations of this paragraph and, therefore, must deny the same and demand strict proof thereof.

9. Homer Kelly is without sufficient information to admit or deny the allegations of this paragraph and, therefore, must deny the same and strict proof thereof is demanded.

10. Homer Kelly denies that he had placed and/or failed to properly secure a "dry deck mat" in the area described.

11. Homer Kelly denies that "there is no handrail on the landing portion of the stairs". Homer Kelly is without sufficient information to admit or deny any other allegation of this paragraph and, therefore, denies the same and demands strict proof thereof.

## COUNT I
### (NEGLIGENCE)

12. Homer Kelly realleges his answers to paragraphs 1-11.

13. Homer Kelly denies that he negligently, recklessly, wantonly and/or willfully committed any act complained of.

14. Denied and strict proof thereof is demanded.

## COUNT II
### (WANTONNESS)

15. Homer Kelly realleges his answers to paragraphs 1-14

16. Homer Kelly denies that he wantonly committed any act complained of.

17. Denied and strict proof thereof is demanded.

18. Denied and strict proof thereof is demanded.

## COUNT III
### (BREACH OF DUTY BY DEFENDANT HOMER KELLY)

19. Homer Kelly realleges his answers to paragraphs 1-18.

20. Based upon current information and belief, admitted.

21. Homer Kelly is without sufficient information to admit or deny the allegations of this paragraph and, therefore, must deny the same and demand strict proof thereof.

22. Homer Kelly is without sufficient information to admit or deny the allegations of this paragraph and, therefore, must deny the same and strict proof thereof is demanded.

23. Homer Kelly denies that he had placed and/or failed to properly secure a "dry deck mat" in the area described.

24. Homer Kelly denies that "there is no handrail on the landing portion of the stairs". Homer Kelly is without sufficient information to admit or deny any other allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

25. It is admitted that Homer Kelly served as a custodian at the James E. Martin Aquatic Center at Auburn University. All other allegations of this paragraph are denied and strict proof thereof is demanded.

26. Denied and strict proof thereof is demanded.

27. Denied and strict proof thereof is demanded.

28. Denied and strict proof thereof is demanded.

### SIXTH DEFENSE

As to the unnumbered paragraphs begun with the term "WHEREFORE", and all subparts thereof, Homer Kelly denies that the Plaintiff is due a judgment against him and denies that the Plaintiff is entitled to recover damages of any type or nature, however denominated, from him.

### SEVENTH DEFENSE

Any allegations of the Complaint, as amended, not specifically admitted are denied and strict proof thereof is demanded.

### EIGHTH DEFENSE

Homer Kelly denies he owed any duty to the Plaintiff.

### NINTH DEFENSE

Homer Kelly denies that he breached any duty to the Plaintiff.

### TENTH DEFENSE

Homer Kelly denies that he consciously or deliberately ignored, disregarded and/or breached any duty allegedly owed to the Plaintiff.

### ELEVENTH DEFENSE

Homer Kelly denies that any act or omission by him proximately caused the injuries complained of.

### TWELFTH DEFENSE

Homer Kelly states that the Plaintiff's alleged injuries, and the manner by which she claims to have been injured, was unforeseeable as a matter of law.

### THIRTEENTH DEFENSE

Homer Kelly pleads that any condition which allegedly caused Plaintiff to be injured was open and obvious and should or could have been avoided by the Plaintiff in the exercise of due care.

### FOURTEENTH DEFENSE

The Plaintiff's injuries and damages were caused by the acts and/or omissions of persons and entities over whom Homer Kelly had no right of control.

### FIFTEENTH DEFENSE

The Plaintiff should not recover as she committed acts of contributory negligence.

### SIXTEENTH DEFENSE

The Plaintiff should not recover as she assumed the risk of injury and/or committed acts that fulfill the requirements of the legal doctrine *volenti non fit injuria.*

### SEVENTEENTH DEFENSE

To the extent the Plaintiff demands punitive damages of Homer Kelly, Homer Kelly asserts:

(a) Homer Kelly has not engaged in any conduct with reference to the applicable state or federal law, if any, sufficient to allow for imposition of punitive damages in any amount against them.

(b) Homer Kelly pleads all substantive and procedural limitations imposed on any award of punitive damages under the United States Constitution and the law of the United States and under the laws and Constitution of the State of Alabama.

(c) Plaintiff's claims for punitive damages cannot be sustained because of an award of punitive damages by a trier of fact that: (1) is not provided a sufficient standard for determining the appropriateness, or the appropriate size, of a punitive damage award; (2) is not instructed on the limits on punitive damages imposed by the applicable principals of deterrent and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including the corporate status and/or wealth of a defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and/or arbitrary as to damages permissible; and (5) is not subject to judicial review on the basis of objective standards would violate Homer Kelly's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment of the United States Constitution, as incorporated into the Fourteen Amendment, and by Alabama constitutional and statutory provisions providing for due process, equal protection, and guarantee against double jeopardy.

(d) Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages for the purpose of compensating Plaintiff for elements of damages or

for purposes not otherwise recognized by law would violate Homer Kelly's due process rights guaranteed by the Constitutions of the United States and the State of Alabama.

(e)     Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages without proof of every element beyond a reasonable doubt would violate Homer Kelly's due process rights under the Fourteen Amendment to the United States Constitution and the due process provisions of the Alabama Constitution.

(f)     Plaintiff's claims for punitive damages cannot be sustained, because any award of punitive damages exceeding the limits authorized by state and federal criminal statutes would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment of the United States Constitution and the Eighth Amendment to the United States Constitution as incorporated by the Fourteenth Amendment and Alabama constitutional and statutory provisions provided for due process and protection against excessive fines and cruel and unusual punishment.

(g)     An award of punitive damages based on anything other than Plaintiff's alleged conduct in connection the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment to the United States Constitution as incorporated into the Fourteen Amendment and Alabama constitutional and statutory provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages cannot protect Homer Kelly against impermissible, multiple punishments for the same wrong.

(h)     The punitive damage system, on its face, and as applied, violates the due process clause of the Fourteen Amendment to the United States Constitution. Even with the

"protections" supposedly available under the so called "Hammond/Green Oil" procedure and those found elsewhere, the system continues to afford triers of fact standardless discretion to impose punishment and post-verdict review is neither meaningful nor constitutionally adequate to cure this crucial constitutional defect.

(i) The punitive damage system, on its face and as applied, violates the due process clause of the Fourteenth Amendment to the United States Constitution because there are inadequate standards for determining the amount of the award.

(j) The imposition of punitive damages against Homer Kelly in the absence of explicit, particularized guidelines or standards is highly unfair because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards may bear no rational or reasonable relationship to Homer Kelly's alleged conduct in this matter or to any alleged harm to Plaintiff and may dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore violates the due process clause of the Fourteen Amendment to the United States Constitution and the excessive fines clause of the Constitutions of the United States and Alabama.

## EIGHTEENTH DEFENSE

To the extent the Plaintiff claims she is entitled to mental anguish damages from Homer Kelly states:

(a) The procedure by which damages for mental anguish damages are awarded to Plaintiff violates the due process rights secured to Homer Kelly by the laws and constitutions of the United States and the State of Alabama in that these procedures deprive

Homer Kelly of property without due process of law by failing to provide the trier of fact with adequate standards or guidelines by which to render such an award.

(b)  The procedure by which damages for mental anguish are awarded to Plaintiff violated the due process rights secured to Homer Kelly by the laws and constitutions of the United States and of the State of Alabama in that these procedures deprive Homer Kelly of property without due process of law by allowing the trier of fact unbridled discretion to determine the amount of the award and thereby render such an award in an arbitrary and capricious manner.

(c)  The procedure by which damages for mental anguish are awarded violates the rights secured to Homer Kelly under the laws and constitutions of the United States and of the State of Alabama by depriving Homer Kelly of property without due process of law because no reasonable standard or guideline is given to the trier of fact to ensure that the award is reasonable and, further, there is no meaningful standard for judicial review of any award for mental anguish damages post verdict to ensure that such award does not exceed constitutional and/or statutory limitations.

(d)  The procedure by which damages for mental anguish are awarded violates rights secured to Homer Kelly under the laws and Constitutions of the United States and of the State of Alabama by depriving Homer Kelly of property without due process of law in that no reasonable criteria, guideline, or standard is provided to the trier of fact in order that the trier of fact may determine from the evidence what quality or quantity of evidence is necessary to justify and/or support an award of damages for mental anguish.

(e) Homer Kelly will be deprived of his rights secured by the laws and constitutions of the United States and the State of Alabama as an award for mental anguish damages in this matter is unconstitutional.

(f) The procedures by which damages for mental anguish are awarded deprives Homer Kelly of rights secured to them by the laws and Constitutions of the United States and the State of Alabama and that the same deprives Homer Kelly of property without due process of law by not providing an objective standard by which the trier of fact may measure an award or an objective standard by which such an award may be reviewed to determine if such an award is reasonable, just, proper and/or warranted.

(g) The procedure by which damages for mental anguish are awarded deprives Homer Kelly of rights secured to them by the laws and Constitutions of the United States and the State of Alabama in that the same deprives Homer Kelly of property without due process of law by allowing triers of fact to return awards of compensatory damages, including a mental anguish component, which are speculative, based on conjecture, and/or without substantial evidence to support the same.

(h) The process by which triers of fact are allowed to award damages for mental anguish violates the elementary notions of fairness dictated by the laws and Constitutions of the United States and the State of Alabama in that it does not provide Homer Kelly with fair notice of what conduct will subject a defendant to liability, nor the severity of the damages that may be imposed; therefore Homer Kelly is deprived of property without due process of law in contravention of the rights secured to them by the Fourteenth to the Constitution of the United States of America, as well as other federal and state laws.

(i)     The process by which triers of fact is allowed to award damages for mental anguish violates the due process rights secured to Homer Kelly by the laws and Constitutions of the United States and the State of Alabama in that this process deprives Homer Kelly of property without due process of law by failing to give Homer Kelly notice of the range of damages which might be returned because triers of fact is given unbridled discretion to determine the amount of the award and thereby render such an award in an arbitrary and capricious manner.

(j)     The process by which triers of fact is allowed to award damages for mental anguish violates the elementary notions of fairness dictated by the laws and Constitutions of the United States and the State of Alabama in that it does not provide Homer Kelly with fair notice of the amount of the award which may be rendered by the trier of fact and there is no guarantee that any mental anguish award will be reasonably related to other awards in similar circumstances.

(k)     Homer Kelly is deprived of his property without due process of law in contravention the rights secured to Homer Kelly by the Fourth Amendment to the Constitution of the United States of America, as well as other federal and state laws in that Homer Kelly is not provided with adequate notice of the extent of damages which may be awarded for mental anguish because triers of fact is returning mental anguish damages awards which are in violation of the laws and Constitutions of the United States and of the State of Alabama.

## NINETEENTH DEFENSE

Homer Kelly reserves the right to amend and/or supplement his answer as additional defenses and/or facts giving rise to additional defenses become know to him.

Respectfully submitted this the 12th day of February, 2008.

>/s/ John G. Smith
>David R. Boyd
>Bar Number: ASB-0717-D52D
>John G. Smith
>Bar Number: ASB-8146-T68J
>Attorneys for Defendant, Homer Kelly
>BALCH & BINGHAM LLP
>Post Office Box 78
>Montgomery, AL 36101-0078
>Telephone: (334) 834-6500
>Facsimile: (866) 783-2739
>E-mail: dboyd@balch.com
>E-mail: jgsmith@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon any CM/ECF participants electronically and I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants this the 12th day of February, 2008.

Robert J. Solomon, Esq.
KENNEY, SOLOMON & MEDNA, P.C.
3675 Crestwood Parkway, Suite 300
Duluth, Georgia 30096

*Attorney for Plaintiff*

Clark R. Hammond, Esq.
W. Lee Elebash, Esq.
JOHNSTON, BARTON, PROCTOR & ROSE, LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209

*Attorneys for Defendant Auburn Aquatics Swim Program*

Respectfully submitted,

/s/ John G. Smith
David R. Boyd
Bar Number: ASB-0717-D52D
John G. Smith
Bar Number: ASB-8146-T68J
Attorney for Defendant, Homer Kelly
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 783-2739
E-mail: dboyd@balch.com
E-mail: jgsmith@balch.com