IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GERTRUDE KETRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:07-cv-536-MEF |
| AUBURN AQUATICS SWIM PROGRAM; ) | |
| HOMER KELLY, et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR RELIEF FROM SCHEDULING ORDER**

Defendant Homer Kelly ("Defendant Kelly") seeks relief from the Uniform Scheduling Order entered in this matter on October 16, 2007. (Document 11) Defendant Kelly asks the Court to continue this matter from its current trial setting and to adjust the deadlines set out in the Scheduling Order accordingly, or alternatively, Defendant Kelly moves the Court to extend: (1) the times within which his pleadings can be amended; (2) the deadline for discovery; and (3) the submission of dispositive motions. As grounds, Defendant Kelly states as follows:

1. The instant lawsuit concerns events which allegedly occurred on or about February 3, 2006. Defendant Kelly was not named as a defendant in the lawsuit as initially filed on June 18, 2007. (*See* Document 1)

2. Subsequent to the lawsuit being filed, the Court entered a Uniform Scheduling Order (Document 11) setting the case for trial in August 2008 (Document 11, Section 1) and establishing various deadlines, including a pleading amendment deadline of December 28, 2007 (Document 11, Section 4), a discovery deadline of June 17, 2008 (Document 11, Section 7) and a dispositive motion deadline of April 2, 2008 (Document 11, Section 2).

189740.4

3. By motion of December 28, 2007 (Document 15) Plaintiff sought to amend her Complaint to add Defendant Kelly as a party to this lawsuit. This motion was granted (Document 17) and the Amended Complaint was served upon Defendant Kelly on or about January 23, 2008.

4. The Uniform Scheduling Order was entered as a result of the parties' *Federal Rules of Civil Procedure* Rule 26 planning meeting. That planning meeting occurred in September 2007, well prior to Defendant Kelly being added as a party to this lawsuit.

5. It would be manifestly unfair and prejudicial to Defendant Kelly to require him and his counsel, without having participated in the scheduling conference, and without having participated in any discovery or preparation of this case for trial prior to February 2008, to ready himself for a trial setting in August 2008. Accordingly, Defendant Kelly requests that the Court reset this matter for trial no earlier than December 2008 and adjust the scheduling deadlines accordingly.

6. Alternatively, Defendant Kelly requests that the Court extend (1) the pleading amendment deadline as it relates to him; (2) the discovery deadline; and (3) the dispositive motion deadline set out in the Scheduling Order.

7. Section 4 of the Court's Scheduling Order requires that "any motions to amend the pleadings and to add parties shall be filed on or before **December 28, 2007**." (Emphasis in original) Defendant Kelly requests that he be allowed until April 1, 2008 to amend his pleadings.

8. Section 7 of the Court's Scheduling Order required that discovery be completed on or before June 17, 2008. Defendant Kelly requests that this deadline be extended to August 1, 2008.

9.  Section 2 of the Court's Scheduling Order requires that dispositive motions be submitted on or before April 2, 2008. Defendant Kelly requests that this date be extended to June 1, 2008.

10. Defendant Kelly submits that, given his late addition as a party to this lawsuit, extending and resetting the deadlines described above would not be onerous or burdensome on any other party and the interest of justice would best be served by amending these deadlines. If the deadlines are not amended, then Defendant Kelly will be unable to amend his pleadings and, further, will likely be unable to prepare and submit a dispositive motion. No other party will be prejudiced by extending these deadlines as requested.

WHEREFORE, premises considered, Defendant Kelly respectfully request that the Court reset the trial of this matter to on or after December 2008 and adjust the Scheduling Order deadlines accordingly or, in the alternative, amend its Scheduling Order as described herein.

Respectfully submitted this the 15th day of February, 2008.

/s/ John G. Smith
David R. Boyd
Bar Number: ASB-0717-D52D
John G. Smith
Bar Number: ASB-8146-T68J
Attorneys for Defendant, Homer Kelly
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 783-2739
E-mail: dboyd@balch.com
E-mail: jgsmith@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon any CM/ECF participants electronically and I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants this the 15th day of February, 2008.

Robert J. Solomon, Esq.
KENNEY, SOLOMON & MEDNA, P.C.
3675 Crestwood Parkway, Suite 300
Duluth, Georgia 30096

*Attorney for Plaintiff*

Clark R. Hammond, Esq.
W. Lee Elebash, Esq.
JOHNSTON, BARTON, PROCTOR & ROSE, LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209

*Attorneys for Defendant Auburn Aquatics Swim Program*

Respectfully submitted,

/s/ John G. Smith
David R. Boyd
Bar Number: ASB-0717-D52D
John G. Smith
Bar Number: ASB-8146-T68J
Attorneys for Defendant, Homer Kelly
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (866) 783-2739
E-mail: dboyd@balch.com
E-mail: jgsmith@balch.com