IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GERTRUDE KETRE,     )
            )
     Plaintiff,   )
            )
            )
v.           )
            )  CIVIL ACTION NO. 2:07cv536-MEF
AUBURN AQUATICS, INC.,   )
            )
     Defendant.  )

## ORDER ON MOTION

On June 5, 2008, Defendant Homer Kelly filed a Motion to Enter Qualified

HIPPA Protective Order (Doc. #33). The Court ordered Plaintiff to show cause in writing

why the motion should not be granted on or before June 13, 2008. Order of June 3, 2008

(Doc. #34). Plaintiff failed to file any response to this Court's order. The Court reads

Plaintiff's omission as a concession that the motion should be granted. Accordingly, it is

ORDERED that the motion for a HIPPA Protective Order (Doc. #33) is

GRANTED. It is further

ORDERED that:

The parties are granted the right, upon compliance with the applicable discovery provisions of the *Federal Rules of Civil Procedure* and the orders of this Court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) (HIPAA), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action, as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. *See* 45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made) immediately upon conclusion of this action. *See* 45 C.F.R. §§ 163.502(b); 164.512(e)(1)(v).

2

Done this 16th day of June, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE