IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GERTRUDE KETRE, | ) |
| | ) |
|    Plaintiff, | ) |
| v. | ) CASE NO. 3:07-cv-536-MEF |
| | ) |
| AUBURN AQUATICS SWIM | ) |
| PROGRAM., *et al.*, | ) (WO- DO NOT PUBLISH) |
| | ) |
|    Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Gertrude Ketre ("Ketre") brings this action against Defendant Auburn Aquatics Swim Program ("AASP") and Homer Kelly ("Kelly") alleging she suffered injuries to her person as a result of their conduct. This cause is before two motions for summary judgment, one filed by each defendant. The Court has reviewed the submissions of the parties and finds that, for the reasons set forth below, the motions are due to be GRANTED in part and DENIED in part.

### **JURISDICTION AND VENUE**

Ketre, a Georgia resident, filed suit against AASP and Kelly, both Alabama residents, invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of

the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## FACTS

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts.

On February 3, 2006, Ketre came to the James E. Martin Aquatics Center to attend a swim meet as a spectator. At this time Ketre, was 81 years old, in good physical shape, and someone who engaged in regular exercise including walking on a treadmill. Ketre arrived several hours after the swim meet had begun. She entered the building on the ground floor and proceeded to stairs located in the building in order to access the spectator seating on the second level. Ketre carried only a purse. As she ascended the stairs to a landing area, she tripped over a blue mat which was hanging over the steps. Her foot hung in it which caused her to fall. This fall caused Ketre to suffer a fractured hip which required surgical repair. Ketre did not see that the blue mat was hanging over the steps before she tripped.

The blue mat had been placed on the stair landing by an employee of Auburn

University not made a party to this action.[1] Kelly, an Auburn employee, admits that his job duties included floor maintenance and that if he saw that a mat needed straightening or was out of place he would fix it. He admits that his job responsibilities included making sure that the floors were clean and preventing accidents caused by the condition of the floors. Kelly was present on the day Ketre fell. He knew that the mat on the landing was not secured to the ground or to the wall in any way.

AASP, which regularly used the James E. Martin Aquatics Center as its base of operations, is a member of the Southeastern Swimming Local Swim Committee. As such, it must comply with the rules of the USA Swimming organization. One of those rules requires that when AASP is hosting a meet, as it was on the day of Ketre's injury, it is responsible for removing or marking hazards in locker rooms, on the deck, or in areas used by coaches, swimmers, spectators, or officials.

## DISCUSSION

Ketre's Complaint seeks damages for alleged negligence (Count I) and wantonness (Count II). While the Complaint purports to include a Count III against fictitious defendants, such a practice is not allowed under the Federal Rules of Civil Procedure. The Court finds that there is no fictitious party practice in federal courts. *See, e.g.,* Fed. R. Civ. P. 10(a); *New*

---

[1] Auburn University owns, operates, and staffs the James E. Martin Aquatics Center. AASP is an amateur swim club based in Auburn, Alabama. Head coach of the AASP maintains an office at the James E. Martin Aquatics Center and the club hosts swim meets there. The club holds all of its practices there and lists its address as being at that location.

*v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Harris v. Palm Harbor Homes, Inc.,* 198 F. Supp. 2d 1303, 1304 n.6 (M.D. Ala. 2002); *Edwards v. Alabama Dep't of Corr.,* 81 F. Supp. 2d 1242, 1257 (M.D. Ala. 2000). For this reason, any claims in this action against fictitious parties are due to be DISMISSED.

Under Alabama law,[2] the elements of negligence in a premises liability case "are the same as those in any tort litigation: duty, breach of duty, cause-in-fact, proximate or legal cause, and damages." *Sessions v. Nonnenmann*, 842 So. 2d 649, 651(Ala. 2002) (citations and quotations omitted). A person who provides commercial or material benefit to the landowner while on the premises is considered an invitee.[3] *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So. 2d 158, 161 (Ala. 1997).

> There are two lines of business invitee cases under Alabama law involving falls. *Nelson v. Delchamps, Inc.*, 699 So. 2d 1259, 1261 (Ala. Civ. App. 1997). Under one line of cases, there is a substance which the plaintiff slips on and which the plaintiff contends the business negligently failed to clean up. *Id.* Under the other line, the plaintiff alleges that the business negligently created a hazardous condition that caused injury to the plaintiff. *Id.* When the defendant affirmatively creates the condition, the plaintiff need not introduce evidence of actual or constructive knowledge because notice is presumed. *Id.*

*Blizzard v. Food Giant Supermarkets, Inc.*, 196 F. Supp. 2d 1202, 1205 (M.D. Ala. 2002). While this case does not provide a perfect fit with either category because the defendants

---

[2] The substantive law of Alabama governs this lawsuit.

[3] The three classifications of persons coming onto land are invitees, trespassers, and licensees. *Mountain Top*, 699 So. 2d at 161. It is undisputed that Ketre was an invitee.

named did not create the condition by placing the mat, a reasonable jury could find that they did create the condition which caused the injury by failing to secure the mat so it could not move or hang over the step. The alleged defect here was part of the premises so once Ketre makes a *prima facie* showing that it caused her injury, which she has done, then the question of whether either defendant had actual or constructive notice will go to the jury, whether or not the plaintiff makes a *prima facies* showing that the defendants had or should have had notice of the defect at the time of the accident. *Id.*

In determining whether defendants are entitled to judgment as a matter of law, the Court is mindful that under Alabama law, "summary judgment is rarely appropriate in negligence and personal injury cases," *Mountain Top*, 699 So. 2d at 161, and "the question of whether a danger is open and obvious is generally one of fact." *Howard v. Andy's Store for Men*, 757 So. 2d 1208, 1211 (Ala. Civ. App. 2000) (quotation and citation omitted).

Because of the procedural posture of this case, the Court must view the evidence and the reasonable inferences to be drawn from it in the light most favorable to Ketre. She has offered sworn testimony that she fell after her foot became trapped in the mat which was overhanging the stair step and that she did not see the mat before it tripped her. This Court finds that when the evidence and the reasonable inferences to be drawn from that evidence are viewed in the light most favorable to Ketre, there is sufficient evidence from which a reasonable jury could find that there was a defective condition which caused Ketre's fall, namely, a mat overhanging the stair step. Accordingly, to the extent that defendants contend

they are entitled to summary judgment as to the negligence claims, their motions are due to be DENIED.

Defendants have also moved for summary judgment on Ketre's wantonness claims. "Wantonness" has been defined as "the doing of some act or the omission to do some act with reckless indifference that such act or omission will likely or probably result in injury." *IMAC Energy, Inc. v. Tittle*, 590 So. 2d 163, 169 (Ala. 1991); Ala. Code § 6-11-20(b)(3)(1993). While one need not prove intentional conduct to prove wantonness, wantonness requires evidence of a reckless or conscious disregard of the rights and safety of others. *See, e.g., Blizzard*, 196 F. Supp. 2d at 1208-09; *Wal-Mart Stores, Inc. v. Thompson*, 726 So. 2d 651, 654 (Ala. 1998).

> Wantonness may arise [when one has] knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law brings on disaster....Wantonness may arise after discovery of actual peril, by conscious failure to use preventive means at hand.... Knowledge need not be shown by direct proof, but may be shown by adducing facts from which knowledge is a legitimate inference.

*Blizzard*, 196 F. Supp. 2d at 1209 (citing *Smith v. Bradford*, 512 So. 2d 50, 52 (Ala. 1987)). When the evidence before this Court is viewed in the light most favorable to Ketre, the Court must conclude that there is insufficient evidence that either defendant was recklessly indifferent to or consciously disregarding the rights and safety of others. Summary judgment is therefore due to be GRANTED as to the wantonness claims.

**CONCLUSION**

For the reasons stated above, it is hereby ORDERED as follows:

(1) Defendant Homer Kelly's Motion for Summary Judgment and Designation of Evidence (Doc. # 41) is DENIED as to the negligence claim and GRANTED as to the wantonness claim which is DISMISSED WITH PREJUDICE.

(2) The Motion for Summary Judgment (Doc. # 43) filed on September 19, 2008 by Defendant Auburn Aquatics Swim Program is DENIED as to the negligence claim and GRANTED as to the wantonness claim which is DISMISSED WITH PREJUDICE.

(3) All claims against fictitious defendants are DISMISSED.

DONE this the 16th day of March, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE