IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GERTRUDE KETRE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 3:07-cv-536-MEF |
| ) | |
| AUBURN AQUATICS SWIM ) | |
| PROGRAM., *et al.*, ) | (WO- DO NOT PUBLISH) |
| ) | |
| Defendants. ) | |

# **ORDER**

This cause is before the Court on the Motion in Limine (Doc. # 84) filed by Defendant Auburn Aquatics Swim Program. This Court has careful considered the arguments advanced in support of and in opposition to the motion made both in writing and orally at the pretrial. It is hereby ORDERED that the motion is DENIED in part and CONDITIONALLY GRANTED in part. The motion is DENIED with respect to the following categories:

1. Any and all evidence of any allegation and/or contention not mentioned in Plaintiff's Complaint. The Court has found that Plaintiff shall be allowed to proceed on some but not all of those theories Defendant Kelly has claimed were not encompassed by the Complaint or Amended Complaint. Consistent with that prior ruling on the Renewed Motion to Strike Plaintiff's Pretrial Order Contentions, the motion in limine is DENIED with respect to allegations that Auburn Aquatics failed to warn about any condition related to the mat or that Auburn Aquatics failed to inspect the facility.

With respect to the following categories, the motion is CONDITIONALLY GRANTED:

1. Any and all evidence of any allegation and/or contention not mentioned in Plaintiff's Complaint. The Court has found that Plaintiff shall be allowed to proceed on some but not all of those theories Defendant Kelly has claimed were not encompassed by the Complaint or Amended Complaint. Consistent with that prior ruling on the Renewed Motion to Strike Plaintiff's Pretrial Order Contentions, the motion in limine is CONDITIONALLY GRANTED with respect to allegations that Auburn Aquatics failed to conduct a pre-meet safety inspection and that Auburn Aquatics failed to have safety officials at the meet.

2. Any and all evidence relating to additional warnings made or precautions taken by Auburn Aquatics after February 3, 2006 as they are subsequent remedial measures, subject to any exception acknowledged by Federal Rule of Evidence 407.

3. Any testimony of Plaintiff, her daughter, her son-in-law, or any other witness regarding hearsay statements made by unknown third parties regarding previous accidents caused by the blue mat at issue and/or previous occasions where the mat is alleged to have posed a trip hazard.

DONE this the 26th day of March, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE